UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHUKA OGELE,

        Defendant.

_____/

No. CR 06-546 PJH

**ORDER DENYING MOTION FOR
EARLY TERMINATION OF SUPERVISED
RELEASE**

Before the court is the motion of defendant Chuka Ogele for early termination of supervised release pursuant to 18 U.S.C. § 3582(e) and Federal Rule of Criminal Procedure 32.1(c). Doc. no. 110. Defendant brings the motion on the ground that he is in financial and personal difficulty and would be able to make a reasonable living if permitted to return to his native country, Nigeria. Defendant also requests a hearing to present additional reasons for early termination. The government opposes the motion for early termination. Defendant's motion to terminate supervised release is DENIED for the reasons set forth below.

BACKGROUND

On September 14, 2007, defendant entered a guilty plea on the following counts:

    a.    Possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count One);

    b.    Possession of controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count Three);

    c.    Conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count Four)

| | |
|---|---|
| 1 | d. Travel in interstate commerce to promote unlawful activity and use of |
| 2 | facility in interstate commerce to distribute proceeds of unlawful activity |
| 3 | in violation of 18 U.S.C. §§ 1952 and 2 (Count Six); |
| 4 | e. Money laundering in violation of 18 U.S.C. § 1956 (Counts Twenty- |
| 5 | Two and Twenty-Three); |
| 6 | f. Conspiracy to engage in and attempt to engage in monetary |
| 7 | transactions with criminally deprived property in violation of 18 U.S.C. |
| 8 | §§ 1957 and 371 (Count Thirty-Seven). |
| 9 | Docket No. 67 ¶ 1 (Plea Agreement). |

Defendant was a licensed vocational nurse and formed a non-profit organization called International Surplus Medical Products (ISMP) in 1997, with the stated purpose of delivering medication and medical supplies to Nigeria. Docket No. 71 (Def. Sentencing Memo.). Upon entering his guilty plea, defendant admitted that he falsely represented himself to be a medical doctor and fraudulently used the medical license of ISMP's medical director to purchase controlled substances with the intention of distributing these substances to other persons. *Id.* ¶ 2(a). Defendant hired a co-conspirator to sell these controlled substances in the area of Oakland, California, and planned with others to transport the drugs to Houston, Texas for distribution. *Id.* ¶¶ 2(b) - (d). Defendant further admitted that he used funds from the unlawful sale of drugs to buy more drugs with the intent to promote the unlawful distribution of controlled substances, and that he intended to purchase a home for $1.3 million in cash with the proceeds of the unlawful sales. *Id.* ¶ 2(e) and (f).

Defendant was sentenced to 37 months imprisonment, three years supervised release, $700 in special assessments, and $373,128.09 in restitution. Docket No. 105 (Judgment). Defendant was released from custody on March 11, 2011, and has completed more than one year of his supervised release term.

LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e),

which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

## DISCUSSION

Defendant seeks early termination of supervised release on the ground that gainful employment has been made difficult by his conviction and the moribund economy. Defendant contends that he would be able to rekindle his business relationships in Nigeria and make a reasonable living if permitted to return there. Defendant offers no details of prospective business opportunities to support this contention, nor does he explain why fulfilling his term of supervised release would inhibit his ability to make a reasonable living.

Looking first to the nature and circumstances of the offense and defendant's history and characteristics pursuant to § 3553(a)(1), the court does not find support for early termination of supervised release. At sentencing, defendant denied that he misled doctors and other professionals into believing that ISMP was a legitimate charity and that ISMP was a sham operation for purchasing narcotics for the purpose of conducting street-level drug sales. Docket No. 71 at 2. However, defendant admitted that he engaged in deceptive conduct to obtain controlled substances with the intent of illegally distributing drugs in Oakland and Houston, by falsely representing that he was a medical doctor and fraudulently using the medical license of a doctor associated with ISMP. From July 2002 to September 2004, defendant bought large quantities of Schedule III controlled substances such as hydrocodone and acetamin with codeine, as well as Schedule V controlled

substances containing codeine.  Docket No. 67 ¶ 2(a).  He admitted to obtaining controlled substances worth over one million dollars during that period.  *Id.*  At defendant's direction, the controlled substances were delivered to ISMP's offices.  *Id.*  Defendant admitted that on a trip to Houston, he obtained $975,381 in cash, which he knew was derived from the sale of controlled substances.  Docket No. 67 ¶ 2(f)(7).

At sentencing, defendant requested a downward departure from the Guidelines sentencing range.  Docket No. 71.  The court found an offense level of 21, leading to a Guidelines range of 37-46 months, and sentenced defendant to 37 months in custody, denying his request for downward departure.  Docket No. 86.  The court sentenced defendant to three years of supervised release under special conditions as well as the usual terms and conditions.  *Id.*

Having considered the need to afford adequate deterrence to the distribution of controlled substances, the need to protect the public from further crimes of defendant, the Guidelines sentencing range established for applicable offense category, and the need to avoid unwarranted sentence disparities, the court finds that defendant has failed to show that his speculative access to resources in Nigeria warrants early termination of supervised release.  18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), (a)(4), (a)(6).  Defendant does not contend that either the need to provide him with necessary training or medical care, or a policy statement of the Sentencing Commission, warrants early termination pursuant to § 3553(a)(2)(D) or (a)(5).

Pursuant to § 3553(a)(7), the court also considers the need to provide restitution, which the court found in the amount of over $370,000 for money owed to Priority Healthcare for goods and pharmaceuticals that defendant did not pay for after obtaining them.  Docket No. 104.  Defendant points out that he still faces a staggering restitution obligation, but does not demonstrate how early termination of supervised release would help him fulfill that obligation.

1    Defendant fails to show any compelling ground for terminating his supervised

2    release, and the motion for early termination of supervised release is therefore DENIED.

3    No modification to the terms or conditions of supervised release is made.

4    Defendant's request for a hearing on his motion for early termination of supervised

5    release is DENIED in view of the court's unavailability between December 6 and January 1,

6    and because no hearing is needed.  However, if defendant wishes to present additional

7    reasons for the court's re-consideration, he must do so by filing an affidavit in support of a

8    written motion which the court will consider in January.

9    IT IS SO ORDERED.

10

11   Dated: December 4, 2012

12                                                              _____

13                                                              PHYLLIS J. HAMILTON
                                                               United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28